**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

LAURA MCKINLEY,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-71

## O R D E R

This matter is before the Court on Plaintiff Laura McKinley's Motion for Leave to Proceed in Forma Pauperis (doc. 4), Motion to Proceed Pro Per (Doc. 7), and Motion for Entry of Default (doc. 8). For the reasons set forth below, the Court **DEFERS** ruling on McKinley's Motion for Leave to Proceed in Forma Pauperis (doc. 4) and **ORDERS** her to file an amended complaint that complies with the Federal Rules of Civil Procedure within **fourteen (14) days** of the date of this Order. McKinley's Motion to Proceed Pro Per (doc. 7) is **DENIED AS MOOT**, as she may represent herself in this civil action but does not need an order of the Court to do so. Lastly, McKinley's Motion for Entry of Default (doc. 8) is **DENIED** for numerous reasons set forth below.

### BACKGROUND

McKinley, a former President and Chief Executive Officer of Oglethorpe Bank, filed this action against Defendant Federal Deposit Insurance Corporation ("the FDIC"), as Receiver of Oglethorpe Bank, on June 10, 2015. (Doc. 1.) McKinley filed this action without legal representation and titled her initial pleading, "Counterclaim/Counter Complaint Pursuant to

FRCP 13 and O.C.G.A. 9-11-13." (Id.) At the time of initiating this action, McKinley also filed a Motion for Leave to Proceed in Forma Pauperis. (Doc. 4.)

This action is not the first litigation between McKinley and the FDIC. The FDIC, as Receiver of Oglethorpe Bank, brought suit against McKinley and ten other defendants, and that case remains pending in this Court. FDIC v. Cross-McKinley, No. 2:14-cv-2 (S.D. Ga. Jan. 9, 2014) (hereinafter "FDIC v. McKinley"). At the time McKinley filed this action, she was represented by counsel in FDIC v. McKinley. However, on June 30, 2015, at McKinley's request, her counsel was permitted to withdraw from representing her, and she is now representing herself in that lawsuit. Oral Order, FDIC v. Cross-McKinley, No. 2:14-cv-2, ECF No. 101.

In addition, McKinley previously sued the FDIC on October 19, 2011. Cross-McKinley v. FDIC, No. 2:11-cv-172 (S.D. Ga. Oct. 19, 2011) (hereinafter "McKinley v. FDIC 1"). In that action, McKinley sought to recover from the FDIC, in its capacity as receiver of Oglethorpe Bank, severance pay that she alleged she was owed under her employment agreement with Oglethorpe Bank. Complaint, McKinley v. FDIC 1, No. 2:11-cv-172, ECF No. 1. On March 7, 2013, the Court granted the FDIC summary judgment in McKinley v. FDIC 1 and dismissed all of McKinley's claims. Order at 24, McKinley v. FDIC 1, No. 2:11-cv-172, ECF No. 43. Specifically, the Court found that McKinley sought payment pursuant to a "golden parachute agreement" and that federal regulations forbid such a payment. Id. McKinley did not appeal or seek reconsideration of that Order and dismissal.

McKinley's Complaint in the action now before the Court is difficult to follow. She begins with what appears to be a rewording of the conclusion of the Court's summary judgment ruling in McKinley v. FDIC 1, though she does not reference that case. Compare (Doc. 1, p. 2)

with Order at 24, McKinley v. FDIC 1, No. 2:11-cv-172, ECF No. 43. She then includes information regarding Federal Rules of Civil Procedure 13 and 15 and O.C.G.A. § 9-11-13. (Doc. 1, pp. 2–5.) In several enumerated paragraphs, McKinley then appears to attack the FDIC's claims in FDIC v. McKinley, though the Complaint does not reference that case either. (Id. at pp. 5–13.) The Complaint then includes a lengthy argument section that cites to Federal Rule of Civil Procedure 12 and states why various claims should be dismissed. (Id. at pp. 13-37.) Though it is not clear, it appears that this argument section also refers to the claims pending against McKinley and her codefendants in FDIC v. McKinley. (See id.) McKinley concludes her Complaint with a request that she be "personally released from FDIC's lawsuit" and that her contract, "which was not voided, [ ] be paid out in full." (Id. at p. 37.) She also requests that the Court "reverse [the] prior denial of summary judgement [sic]." (Id.)

After filing her Complaint and Motion for Leave to Proceed in Forma Pauperis in this action, McKinley filed a Motion to Proceed Pro Per. (Doc. 7.) In this pleading, McKinley explains that she has unsuccessfully contacted lawyers to represent her in her litigation against the FDIC and that she seeks to represent herself. (Id. at p. 1.) This Motion goes on to acknowledge certain rights that largely do not apply in this civil case. (See, e.g., id. at pp. 2–3 ("I understand that I have an absolute right to have an attorney represent me in these proceedings. . . . I understand that if need investigative services, expert services, waivers of fees, research, secretarial services, or any other assistance, I must petition the Court for whatever relief or assistance I deem appropriate.").) McKinley concludes her Motion with a citation to this Court's Local Criminal Rule 44.2. (Id. at p. 3.)

Lastly, on July 15, 2015, McKinley filed a Motion for a Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 8.) In this Motion and supporting affidavit,

McKinley states that the Complaint in this action and a summons were served on the FDIC on the same date that the Complaint was filed, June 10, 2015. (Id. at p. 2.) She swears that this service is reflected by a proof of service on the Court's docket sheet. (Id.) She contends that the FDIC was required to respond to the Complaint by July 10, 2015, and has not done so. (Id.)

**DISCUSSION**

The Court will address each of McKinley's pending Motions in turn. In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys." (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, McKinley's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**I. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 4)**

Through her Motion for Leave to Proceed in Forma Pauperis, McKinley asserts that she does not have the resources to pay the civil filing fee, and, therefore, she seeks to proceed without the prepayment of that fee. (Doc. 4.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of her assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous

or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed in forma pauperis, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.2001)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Fernandez Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its current form, McKinley's Complaint does not comply with the Federal Rules of Civil Procedure's requirements for pleading. Put succinctly, under those rules, "the complaint must identify each of the laws the plaintiff claims that the defendant has violated in separate counts of the complaint, and for each count, identify in separate numbered paragraphs the pertinent facts which support the contention that the defendant acted in violation of that law." Fleur v. Publix Supermarkets, No. 8:12-CV-848-T-23TGW, 2012 WL 1806718, at *1 (M.D. Fla. Apr. 27, 2012) (citing Fed. R. Civ. P. 8, 10 and McNeil, 508 U.S. at 106). Rather than a "short and plain statement" of her claims against the FDIC, McKinley's complaint contains lengthy arguments that seem to go only to the FDIC's claims against her. (See Doc. 1, pp. 13–37.) She provides little, if any, factual context for these arguments.

Additionally, McKinley's current Complaint does not state a claim upon which relief can be granted. Again, the majority of the Complaint appears to be arguments as to why the claims in FDIC v. McKinley should be dismissed (though McKinley never specifically references that action). (See id.) McKinley makes no indication as to how arguments regarding the FDIC's claims against her support her claims against the FDIC. McKinley requests at the conclusion of her Complaint that her contract be "paid out in full." (Id. at p. 37.) However, her Complaint makes no other mention of this contract. Thus, the face of the Complaint does not contain basic factual information, such as who this contract was with, much less why the FDIC should pay the contract in full.

McKinley attached to her Complaint opinions from other courts which she contends "form the basis of, and support [her] allegations." (Doc. 5, p. 2.) However, she does not specify

how these opinions apply to her claims. The Court has reviewed these cases, and they pertain to claims brought by the FDIC against former bank officers and directors, not claims brought against the FDIC.

Even after a careful reading of McKinley's Complaint, the Court is in the dark as to what legal claims she seeks to assert against the FDIC and the factual basis for those claims. Consequently, the Complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

Due to these deficiencies, McKinley's Complaint is due to be dismissed under Section 1915(e)(2)(B). In this circumstance, however, the Court will permit McKinley an opportunity to remedy her deficient Complaint by filing an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (after review pursuant to Section 1915(e)(2)(B)(ii), district court should have given indigent plaintiff leave to amend deficient complaint as permitted under Federal Rule of Civil Procedure 15). Accordingly, the Court gives McKinley **fourteen (14) days** from the date of this Order to amend her Complaint to state a plausible claim against the FDIC. If McKinley does not amend her Complaint within this time period, the Court may dismiss this action.

Without passing any prejudgment on the merits of any claims that McKinley may assert through an amended complaint, the Court provides her the following instructions. If McKinley seeks reversal of the Court's March 7, 2013, judgment in McKinley v. FDIC 1, she should take action in that proceeding, not pursue a separate lawsuit. However, the Court cautions McKinley to consult the standards and time limitations for seeking relief from a judgment as well as the time limitation for filing an appeal. See Fed. R. Civ. P. 60; Fed. R. App. P. 4. Additionally, to

the extent that McKinley seeks to assert through this action the same claims that were dismissed in McKinley v. FDIC 1, the Court forewarns her that "[t]he doctrine of res judicata, or claim preclusion, bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." Moreland v. Bank of N.Y. Mellon, No. CV 214-112, 2015 WL 4274419, at *3 (S.D. Ga. July 14, 2015) (emphasis omitted) (quoting Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013)).

Further, if McKinley is seeking to defend the claims that the FDIC has asserted against her in FDIC v. McKinley, she must assert her defenses via pleadings in that action, not through this separate civil case. Likewise, to the extent that McKinley seeks to assert counterclaims against the FDIC in FDIC v. McKinley, rather than a separate civil action, she should file her claims in that case. However, she must first seek leave of the Court to add a counterclaim in that action, as the deadline for amending her answer to add a counterclaim has long passed. See Local Rule 16.3 ("All motions in civil cases wherein a party seeks to . . . amend the pleadings under Federal Rule of Civil Procedure 15 shall be filed within sixty (60) days after issue is joined in the case by the filing of an answer."). McKinley is further advised that should she seek leave to add a counterclaim, she should state the claims she seeks to add with specificity. Additionally, to the extent that McKinley seeks, via a counterclaim, to reassert claims that were or could have been litigated in McKinley v. FDIC 1, she is advised that the doctrine of res judicata, also known as claim preclusion and discussed above, applies with equal force to counterclaims. See Akanthos Capital Mgmt., LLC v. Atlanticus Holdings Corp., 734 F.3d 1269, 1271 (11th Cir. 2013) ("Res judicata bars [the counterclaimant] from obtaining relief in this action. [The counterclaimant] litigated the identical complaint against the same parties in another action . . . . When a judgment is rendered for the defendant, the plaintiff's claim is

extinguished; res judicata bars the plaintiff from relitigating that same claim against the same defendant.") (emphasis omitted) (citation omitted) (citing Jaffree v. Wallace, 837 F.2d 1461, 1466–67 (11th Cir. 1988) (holding that finality for purposes of res judicata is when district court issues its judgment) and 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4402 (2d ed. 2002)); Thomas v. Blue Cross & Blue Shield Ass'n, 333 F. App'x 414, 417 (11th Cir. 2009) (enjoining counterclaims that shared "same operative nucleus of fact" as claims resolved in prior litigation).

Based on the foregoing, the Court **DEFERS** ruling on McKinley's Motion for Leave to Proceed in Forma Pauperis (doc. 4) at this time in order to provide her an opportunity to amend her Complaint. After McKinley files an amended complaint, the Court will take up her Motion for Leave to Proceed in Forma Pauperis again, and, in so doing, the Court will review the amended complaint pursuant to Section 1915(e)(2)(B).

## II. Motion to Proceed Pro Per (Doc. 7)

Through her Motion to Proceed Pro Per, McKinley seeks the Court's permission to represent herself in this action. (Doc. 7.) McKinley, like all adult competent individuals before this Court, has the right to represent herself. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Mullen v. Starr, 537 F. Supp. 945, 947 (W.D. Mo. 1982) (noting that all persons have the right to represent themselves "[d]espite the obvious advantage to a litigant of the professional help and guidance of one versed in the law"). In this civil case, McKinley does not need the Court's permission or authorization to represent herself. Therefore, she will continue to represent herself in this action, and her Motion to Proceed Pro Per (doc. 7) is **DENIED AS MOOT**.

However, the Court takes the opportunity to clarify some issues raised in McKinley's Motion to Proceed Pro Per. McKinley's Motion to Proceed Pro Per contains several matters that do not apply in this civil case.[1] For instance, she states that she understands that she has "an absolute right to have an attorney represent [her] in these proceedings" and that she has the "right to consult with advisory counsel assigned to this case." (Doc. 7, p. 2.) While McKinley can certainly hire an attorney to represent her, she does not have a constitutional right to counsel in this civil action, and in the absence of a showing of an exceptional circumstance, the Court will not appoint counsel to assist a civil plaintiff. See Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). Similarly, McKinley states that she "understand[s] that if [she] need[s] investigative services, expert services, waivers of fees, research, secretarial services, or any other assistance, [she] must petition the Court for whatever relief or assistance [she] deem[s] appropriate." (Doc. 7, p. 3.) McKinley shall bear the cost and responsibility of prosecuting this action and cannot turn to the Court for relief or assistance in regard to those efforts. See Hannah v. United States, 523 F.3d 597, 600 (5th Cir. 2008) (upholding district court refusal to appoint expert to assist pro se litigant). Additionally, McKinley indicates that she understands that she can testify at a preliminary hearing and that such testimony could not be used against her if she went to trial. (Doc. 7, p. 3.) Again, this is not the case in this civil action. See Fed. R. Evid. 801(d)(2) (opposing party's statement as exception to rule against hearsay).

Finally, McKinley offers the following in regard to her proceeding "pro per" as opposed to "pro se": "Black's Law 6th states that the difference between pro per and pro se is procedural in nature. Pro per being a positional form to use which secures lack of jurisdiction until the

---

[1] It appears that McKinley may have used a form for this pleading that was created for use by defendants in criminal cases. Thus, she may have unintentionally included matters that do not apply in this civil case. However, in an abundance of caution, the Court clarifies these matters. McKinley is cautioned regarding the use of form pleadings. She should carefully review all pleadings submitted to the Court, as she will be held responsible for the content of her pleadings. See Fed. R. Civ. P. 11(b).

judge threatens contempt and takes up the burden of proof for the prosecution with regard to jurisdiction." (Doc. 7, p. 3.) The term "pro per" is short for the phrase "in propria persona." As other courts have explained, under former rules of pleading, this term used to have a distinct meaning that allowed parties to appear before the court while still contesting jurisdiction. See United States v. Goldberg, 937 F. Supp. 1121, 1125 n.1 (M.D. Pa. 1996) (quoting Black's Law Dictionary 792 (6th ed. 1990)). However, "the rule of pleading having long since changed, the term in propria persona is outdated, at least as having a separate legal meaning. Courts have continued to use the phrases in propria persona and pro se interchangeably and synonymously." Id. (emphasis omitted) (citing Savage v. Estelle, 924 F.2d 1459, 1460 n.1 (9th Cir. 1990)); see also Torres v. Alameda Cty., No. C081114MHPPR, 2008 WL 4369762, at *2 (N.D. Cal. Sept. 23, 2008) ("Pro se is the term generally used in federal courts to refer to a litigant representing himself while pro per is the term generally used in California courts to refer to the same kind of litigant (i.e., a litigant representing himself)." (emphasis omitted)); United States ex rel. Rockefeller v. Westinghouse Elec., Co., 274 F. Supp. 2d 10, 12 n.3 (D.D.C. 2003) ("The Court notes that the terms pro se and pro persona (pro per) are analogous." (emphasis omitted)). Moreover, even if there were still a difference in the jurisdictional position of parties proceeding "pro per" versus those proceeding "pro se," it does not appear that McKinley contests the Court's jurisdiction, as she brought this action in this Court. Accordingly, the Court will refer to McKinley as a "pro se" party, the term customarily and preferably used in this Court.

**III.   Motion for Entry of Default (Doc. 8)**

In her Motion for Entry of Default and supporting affidavit, McKinley swears that the Complaint in this action and a summons were served on the FDIC on the same date that the

Complaint was filed, June 10, 2015. (Doc. 8, p. 2.) Thus, she argues, the FDIC was required to respond to the Complaint by July 10, 2015. (Id.)

Contrary to McKinley's affidavit, the record does not reflect that the FDIC has been properly served with this action. As an initial matter, a summons has not yet been issued. Under Federal Rule of Civil Procedure 4(m), it is McKinley's obligation to present a summons to the Clerk of Court for signature and seal. Moreover, McKinley is moving to proceed in forma pauperis in this case. If McKinley's Motion for Leave to Proceed in Forma Pauperis is granted, then the Court will ensure that the FDIC is served with the summons and Complaint. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."); Johnson v. Irby, 403 F. App'x 465, 467 (11th Cir. 2010) ("Plaintiffs' other allegation—that the court failed to issue a summons—also evidences no bias against Plaintiffs. No summons was issued because the district court denied Plaintiffs' motion to proceed in forma pauperis." (emphasis omitted)). As no summons has yet been issued, the FDIC could not have been properly served, much less be in default.

In her affidavit accompanying her Motion for Entry of Default, McKinley swears that service of her Complaint and summons is "reflected on the docket sheet by the proof of service filed on June 10, 2015." (Doc. 8, p. 4.) There is no proof of service on the docket sheet of this case. McKinley did include a Certificate of Service with her Complaint that states that she mailed a copy of the Complaint to the FDIC's office in Atlanta, Georgia, by certified mail. (Doc. 1, p. 38.) However, McKinley's mailing was insufficient to effect service on the FDIC. This is true regardless of whether the FDIC, sued as a receiver in this case, is treated as a federal agency or a private corporation.[2]

---

[2] The Court notes that there is a debate as to whether the FDIC, as receiver, is a federal agency. See Adam Shajnfeld, An Identity in Disarray: The Federal Deposit Insurance Corporation's Government–

If the FDIC is a federal agency for the purposes of service in this case, then it must be served under Federal Rule of Civil Procedure 4(i). See Hayes v. FDIC, No. 5:09-CV-05122, 2014 WL 3547037, at *2 (W.D. Ark. July 17, 2014) (plaintiff required to follow Federal Rule of Civil Procedure 4(i) to serve FDIC); Butler v. FDIC, No. 11 CV 6692, 2014 WL 843605, at *4 (N.D. Ill. Feb. 28, 2014) (same); Edmonds v. Indymac Bank, No. CV 09-7527-RC, 2010 WL 960007, at *2 (C.D. Cal. Mar. 12, 2010) (same). That rule provides that "[t]o serve a United States agency or corporation, . . . a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency [or] corporation." Fed. R. Civ. P. 4(i)(2). To "serve the United States," a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). McKinley has not made any indication that she mailed her Complaint to the United States Attorney for the Southern District of Georgia or the Attorney General. Thus, McKinley has not served the FDIC under Rule 4(i).[3]

To the extent that McKinley contends that the FDIC should not be deemed a federal agency but instead a private corporation, service must be perfected pursuant to Federal Rule of

---

Agency Status, 128 BANKING L.J. 36, 37 (2011) (exploring the question of whether the FDIC, when acting as a failed bank's receiver, is considered an agency of the United States, or merely a private party). The Court need not resolve that issue to dispose of McKinley's Motion for Entry of Default.

[3] If the FDIC is treated as a federal agency in this action, it would have sixty days to respond to Plaintiff's Complaint. Fed. R. Civ. P. 12(a)(2). Thus, even if it had been properly served under Rule 4(i) on June 10, 2015, it would not be in default.

Civil Procedure 4(h). Under that rule, a corporation can be served in one of two ways. First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A), (e)(1). In Georgia, a plaintiff can properly serve a corporation by delivering a copy of both the summons and complaint to the corporation's president or other officer, a managing agent, or a registered agent. O.C.G.A. § 9–11–4(e)(1)(A). "[T]he mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under Georgia law to perfect service. The service upon a registered agent has to be personal." Ritts v. Dealers All. Credit Corp., 989 F. Supp. 1475, 1478 (N.D. Ga. 1997) (citing Todd v. Harnischfeger Corp., 340 S.E.2d 22, 23–24 (Ga. Ct. App. 1985)); see also Stone Exch. Inc. v. Surface Tech. Corp. of Ga., 605 S.E.2d 404, 405–06 (Ga. Ct. App. 2004) (O.C.G.A. § 14-2-504(b) requires a plaintiff to use reasonable or due diligence to personally serve the registered agent of a corporation before resorting to service by registered mail, certified mail, or overnight delivery). Accordingly, by mailing her Complaint to the FDIC's registered agent, McKinley did perfect service under Georgia law.

Under Federal Rule of Civil Procedure 4(h)(1)(B), a plaintiff can also serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The Eleventh Circuit has held that to perfect service under this provision, the agent of the corporation must be personally served. Dyer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) ("The term 'delivering' appears to refer to personal service."). In Dyer, the Court upheld the dismissal of a pro se action on grounds of imperfect service where the

plaintiff's only attempt at service was sending, by certified mail, a copy of the summons and complaint to the defendant corporation's registered agent. Id. at 843–44.

Consequently, by any measure, the FDIC is not in default in this action. No summons has been issued, and the FDIC has not been served with McKinley's Complaint. Accordingly, McKinley's Motion for Entry of Default under Federal Rule of Civil Procedure 55(a) (doc. 8) is hereby **DENIED**.

## CONCLUSION

For the above stated reasons, the Court **DEFERS** ruling on McKinley's Motion for Leave to Proceed in Forma Pauperis (doc. 4) at this time. McKinley is **ORDERED** to file an amended complaint within **fourteen (14)** days of the date of his Order. After that complaint is filed, the Court will conduct the requisite frivolity review and rule on McKinley's Motion for Leave to Proceed in Forma Pauperis. If McKinley does not file an amended complaint, the Court may dismiss this action. McKinley may represent herself in this civil action without an order of the Court, and, therefore, her Motion to Proceed Pro Per (doc. 7) is **DENIED AS MOOT**. McKinley's Motion for Entry of Default (doc. 8) is **DENIED**, as the FDIC is not in default as to McKinley's Complaint.

**SO ORDERED**, this 22nd day of July, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA